# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| In re<br><br>ROBERT K. MIELL,<br><br>Debtor/Appellant | No. C 09-112-MWB<br><br>MEMORANDUM OPINION AND ORDER REGARDING APPEAL OF BANKRUPTCY COURT'S DENIAL OF MOTION TO APPROVE EMPLOYMENT OF VARIOUS ATTORNEYS |

_____

This is an appeal in a Chapter 11 bankruptcy case by the debtor, Robert K. Miell, from the bankruptcy court's July 27, 2009, Order Re: Motion To Approve Employment Of Various Attorneys (bankruptcy docket no. 235). On August 18, 2009, Miell filed in this court an Emergency Motion For Expedited Appeal And Argument Pursuant To Fed. R. Bankr. Pro. 8011(d) (appeal docket no. 4), seeking accelerated briefing and expedited oral arguments to dispose of this appeal before his sentencing hearing on numerous federal criminal charges on September 2, 2009. Because the court has determined that it can dispose of the appeal on the merits in this order, even in the absence of briefing by opposing parties, Miell's request for accelerated briefing and expedited oral arguments will be denied as moot.

Miell, who owned hundreds of rental properties in Linn County, filed a petition in bankruptcy pursuant to Chapter 11 on May 28, 2009. His petition followed a $1.5 million verdict against him in January 2008 on insurance fraud and other claims in a civil case brought by his former property insurer, *American Family Insurance Co. v. Miell*, No. C04-142-JSS (N.D. Iowa), and his guilty pleas and conviction after jury trial on federal criminal charges in January 2009 in a case before the undersigned, *United States v. Miell*,

No. CR 07-101-MWB (N.D. Iowa). Miell now faces sentencing on September 2, 2009, in his criminal case before the undersigned, on six counts of mail fraud arising from an insurance fraud scheme, eleven counts of mail fraud arising from a renters' damage deposit fraud scheme, two counts of perjury in the civil action by his property insurer, and two counts of failing to file federal income tax returns arising from failure to disclose the proceeds of the insurance fraud scheme as income. The mail fraud counts carry the longest potential sentence, a statutory maximum of 20 years. Miell is currently incarcerated pending sentencing.

On June 15, 2009, Miell filed in his bankruptcy proceedings an application to employ an attorney in those proceedings, despite appointment of a trustee (bankruptcy docket no. 122), and a separate Motion To Approve Employment Of Various Attorneys (bankruptcy docket no. 123), seeking leave to employ and to pay from the estate the attorneys that Miell had retained to represent him in his criminal case and in pending tax litigation and related civil matters. In the order from which Miell appeals, entered on July 27, 2009, the bankruptcy court denied Miell's Motion To Approve Employment Of Various Attorneys.[1] In addition to denying Miell's motion to approve appointment and payment from the estate of Miell's various attorneys, the bankruptcy court ruled that Miell's attorneys who are not employed by the trustee under 11 U.S.C. § 327 are not entitled to compensation from the bankruptcy estate; that the trustee is entitled to an accounting and turnover of funds held in Miell's attorneys' trust accounts; and that, to the extent that Miell's attorneys are representing him in the bankruptcy case or in connection

---

[1]The bankruptcy court docket sheet reflects that, by separate order (bankruptcy docket no. 213), dated July 20, 2009, the bankruptcy court approved the employment of Miell's bankruptcy attorney to the extent that the attorney represented Miell as a debtor in possession until the trustee was appointed on June 4, 2009.

with the case, they are subject to the disclosure and review requirements of 11 U.S.C. § 329. In so ruling, the bankruptcy court rejected Miell's assertion that the court could use its equitable power under 11 U.S.C. § 105(a) to fashion a mechanism in this Chapter 11 case to pay his attorneys under 11 U.S.C. § 330(a)(4)(B), which allows payment of a debtor's attorney in a Chapter 12 or Chapter 13 case, because the bankruptcy court reasoned that it was well-established that § 105(a) may not be used to circumvent a specific provision of the Bankruptcy Code or Rules. The bankruptcy court also observed that, under § 330(a)(4)(B), Miell would have to show that his attorneys were providing services "in connection with" his bankruptcy case.

On appeal, Miell challenges each of the bankruptcy court's rulings as a matter of law and fact. Miell's argument is, in essence, that a Chapter 11 debtor is similar to a Chapter 13 debtor in many respects, but that case law recognizes that sections of the Bankruptcy Code fail to take into account the individual Chapter 11 debtor. Therefore, he argues that reading 11 U.S.C. §§ 330(a)(4)(B) and 105(a) to permit an individual Chapter 11 debtor to hire attorneys and to have them compensated from the bankruptcy estate, as a Chapter 13 debtor could do, is appropriate. He contends that doing so will not disregard the clear meaning of the Bankruptcy Code or congressional intent, but will bring the Chapter 11 and Chapter 13 provisions into harmony, giving effect to congressional intent for the Bankruptcy Code in practical application. Miell also asserts that hiring such attorneys for his criminal and tax matters not only confers a significant benefit on him, as the debtor, in defending his civil liberties in an outside federal criminal sentencing hearing, but also confers a significant benefit on the bankruptcy estate, in that such representation could permit him to put his legal troubles behind him and concentrate on the rehabilitation of his business. He contends that such rehabilitation is significant, because since the appointment of the trustee in June 2009, operating revenues have decreased and rent-roll

occupancy status has dropped. Thus, he contends that the bankruptcy estate would see a significant benefit if he were able to run his business.

This court recently set forth in some detail the standard of review on an appeal of a bankruptcy court decision to the district court in *In re Knudsen*, 389 B.R. 643, 651 (N.D. Iowa 2008). Suffice it to say here that the district court's review of legal determinations and interpretation of the Bankruptcy Code is *de novo*, and its review of findings of fact is for clear error. *Id.* (citing cases and Rule 8013 of the Federal Rules of Bankruptcy Procedure). This court also set out in some detail in *Knudsen* the standards for statutory interpretation, but suffice it to say here that the principal touchstone of statutory interpretation, even for the Bankruptcy Code, is the plain language of the statute in question. *Id.* at 652-53.

The Bankruptcy Code provision that Miell urges the court to apply to a Chapter 11 debtor, such as himself, via 11 U.S.C. § 105(a), provides as follows:

> **(B)** In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330(a)(4)(B). This provision expressly applies to Chapter 12 and Chapter 13 cases in which the debtor is an individual and, just as plainly, omits any reference to a Chapter 11 case. In light of this plain language, *see Knudsen*, 389 B.R. at 651, this court is reluctant to assume that the omission of any reference to a Chapter 11 debtor is merely an oversight by Congress that should be filled in by use of the bankruptcy court's equitable power pursuant to 11 U.S.C. § 105(a). Moreover, as a bankruptcy court recently recognized, § 330(a)(4)(B) establishes a standard for determining compensation of a

4

Chapter 13 debtor's attorney that is different from the standard utilized in a Chapter 11 case, "as the services of the Chapter 13 attorney need not benefit the estate generally, so long as the services benefit the debtor." *In re Bailey*, 2009 WL 2167736 *4 (Bankr. E.D.N.Y. July 15, 2009) (citing 11 U.S.C. §§ 330(a)(4)(B) and 330(a)(3), which states the "other factors" mentioned in § 330(a)(4)(B), and states that a relevant factor is "whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title"); *In re Herbert*, 2009 WL 1941978, *4 (Bankr. E.D.N.Y. July 2, 2009) (same); *see also In re Newman*, 2003 WL 751327, *2 (Bankr. M.D. Fla. 2003) (noting that, owing to amendment of § 330, "debtor's counsel generally may not be compensated from bankruptcy estate assets," citing *In re American Steel Prods., Inc.*, 197 F.3d 1354 (11th Cir. 1999), as holding that the amended version of § 330 precludes award of attorney fees to debtor's counsel in Chapter 7 and Chapter 11 cases, and noting that "[a]n exception to this prohibition is found in section 330(a)(4)(B) which applies to attorneys representing individuals in chapter 12 and chapter 13 cases," in which "a court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with a chapter 13 case"). This court concludes that the exclusion of Chapter 11 cases from § 330(a)(4)(B) is intentional and that a different compensation scheme is intended for attorneys of debtors in Chapter 11 cases.

From this conclusion, it follows that it is inappropriate to use 11 U.S.C. § 105(a) to establish a scheme for a Chapter 11 case that parallels the scheme for a Chapter 13 case. Section 105(a) permits the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," *see* 11 U.S.C. § 105(a), but the Eighth Circuit Court of Appeals has recognized that "§ 105(a) may only be invoked 'if the equitable remedy utilized is demonstrably necessary to preserve a right

elsewhere provided in the Code.'" *United States Commodity Futures Trading Comm'n v. NRB Energy, Inc.*, 457 F.3d 776, 781 (8th Cir. 2006) (quoting *In re Ludlow Hosp. Soc., Inc.*, 124 F.3d 22, 28 (1st Cir. 1997), and citing *Johnson v. First Nat'l Bank of Montevideo*, 719 F.2d 270, 273 (8th Cir. 1983)). Miell acknowledges that there is no portion of the Bankruptcy Code that grants him the right to employ attorneys in a Chapter 11 case and to have them paid out of the estate, nor even any case law interpreting § 330(a)(4)(B) in relation to a Chapter 11 debtor. Thus, he urges use of § 105(a) to create a right that he does not otherwise have under the Bankruptcy Code, not to preserve a right that he has under the Bankruptcy Code. Moreover,

> The Court's powers under this section are broad but not unlimited. "While the equitable powers emanating from § 105(a) are quite important in the general bankruptcy scheme, and while such powers may encourage courts to be innovative, and even original, these equitable powers are not a license for a court to disregard the clear language and meaning of the bankruptcy statutes and rules." *Official Comm. of Equity Sec. Holders v. Mabey,* 832 F.2d 299, 302 (4th Cir. 1987), *cert. denied,* 485 U.S. 962, 108 S. Ct. 1228, 99 L. Ed. 2d 428 (1988).

*In re Olson*, 120 F.3d 98, 102 (8th Cir. 1997). Use of § 105(a) to apply § 330(a)(4)(B) to a Chapter 11 case, as Miell urges, when § 330(a)(4)(B) only expressly applies to Chapter 12 and Chapter 13 cases, would require the court to "'disregard the clear language and meaning of the bankruptcy statutes and rules.'" *Id.* (quoting *Mabey*, 832 F.2d at 302).

In light of both the plain language of § 330(a)(4)(B) and the purposes of § 105(a), use of § 105(a) to fashion a payment scheme for attorneys for a Chapter 11 case like that available in a Chapter 12 or Chapter 13 case under § 330(a)(4)(B) would be contrary to congressional intent, not in conformity with it, as Miell argues. Thus, on *de novo* review, this court agrees with the bankruptcy court that § 105(a) cannot be used to provide the

6

mechanism for payment of Miell's attorneys from the bankruptcy estate in this Chapter 11 case in the same way that § 330(a)(4)(B) might provide for payment of attorneys from the bankruptcy estate in Chapter 12 and Chapter 13 cases. *See Knudsen*, 389 B.R. at 651 (review is *de novo* for questions of law and interpretation of the Bankruptcy Code). This conclusion, alone, warrants affirmance of the bankruptcy court's denial of Miell's Motion To Approve Employment Of Various Attorneys.

The bankruptcy court in this case noted, further, that, even if § 330(a)(4)(B) could be applied in this case, Miell would have to show that his attorneys were providing services "in connection with" his bankruptcy case. The court's review of Miell's Motion To Approve Employment Of Various Attorneys shows that Miell asserted in the bankruptcy court his "need" for his criminal defense and tax attorneys, but never argued to the bankruptcy court that employment of his criminal defense and tax attorneys would involve representation "in connection with" his bankruptcy case, or even that such representation would benefit his bankruptcy estate, not just Miell himself. Therefore, this court need not consider Miell's arguments, offered for the first time on appeal, that hiring such attorneys in this case confers a significant benefit on the bankruptcy estate, as well as on him, in that employment of such attorneys could permit him to put his legal troubles behind him and concentrate on the rehabilitation of his business. *See, e.g., Northstar Indus., Inc. v. Merrill Lynch & Co., Inc.*, ___ F.3d ___, ___, 2009 WL 2487081, *6 n.5 (8th Cir. Aug. 17, 2009) (where a party did not raise an argument in the lower court, the appellate court declined to consider it).

Yet even assuming Miell's "benefit to the estate" argument is properly before this court, that argument is unavailing. The Third Circuit Court of Appeals has recognized that, even if the bankruptcy court has approved employment of an attorney under § 327, that is no guarantee that the attorney will be paid from the bankruptcy estate, because

7

§ 330 requires a showing of benefit to the estate. *In re Engel*, 124 F.3d 567, 571-72 (3d Cir. 1997). The Third Circuit Court of Appeals then concluded that the debtor's representation in his criminal case had not benefitted the estate, where the debtor's motion for new trial in the criminal case had been denied, as the bankruptcy court had anticipated it would be, so that the bankruptcy court's denial of payment of the criminal defense attorney from the estate was not clearly erroneous. *Id.* at 575. Miell's contention that his criminal and tax defense will allow him to continue to manage his properties is just as speculative and unfounded as the debtor's contention in *Engel*.

Also, as the bankruptcy court recognized in Miell's case, using the standards formulated in *In re Duque*, 48 B.R. 965 (S.D. Fla. 1984), bankruptcy courts have rejected payment of criminal defense attorneys out of the estate. *See Engel*, 124 F.3d at 575-76 (application of the *Duque* standards "led inexorably to the bankruptcy court's denial of [the debtor's] fee application" for his criminal defense attorneys). As one such court observed, courts have consistently concluded that "'a bankruptcy debtor-in-possession cannot employ and use estate funds to pay criminal defense counsel in connection with the defense of criminal charges arising out of prebankruptcy activities.'" *In re French*, 139 B.R. 485, 490 (Bankr. D.S.D. 1992) (quoting *In re Gherman*, 101 B.R. 367 (Bankr. S.D. Fla. 1989)); *see also In re Spurgeon*, 2008 WL 4372762 (Bankr. E.D. Tenn. Sept. 18, 2008) (citing *Duque* and concluding that a debtor's criminal defense did not benefit the estate); *In re Stoecker*, 114 B.R. 964, 970 (Bankr. N.D. Ill. 1990) ("As a general rule, a debtor has no right to use estate assets to fund [a] criminal defense."). In *French*, for example, the bankruptcy court rejected the debtor's "benefit to the estate" arguments premised on his contention that employment of criminal defense counsel would assist the debtor to defend against potential claims for criminal fines, forfeitures, and penalties, and would allow him to continue his active participation in the administration of the estate. *French*,

8

139 B.R. at 490. Miell makes one of the same arguments here, contending that criminal defense and tax defense will allow him to continue to manage his properties to the benefit of the estate, but he does not argue that his criminal defense and tax defense may minimize fines or restitution to be paid from the estate. The argument he does make is unpersuasive, because Miell has not shown any actual or real threat to the estate, as opposed to threats to him personally, that will result from the criminal and tax proceedings, regardless of their outcome. *Id.* at 490-91.[2]

---

[2]Although the court has discovered a Chapter 11 case, *In re Warner*, 141 B.R. 762 (M.D. Fla. 1992), in which the bankruptcy court did allow payment of the debtor's criminal defense attorney out of the estate, that case was not cited by Miell, either in the bankruptcy court or on appeal to this court. In *Warner*, the reviewing district court found no abuse of discretion in the bankruptcy court's authorization of payment of criminal defense attorneys out of the bankruptcy estate, pursuant to 11 U.S.C. § 327(e) not 11 U.S.C. § 330(a)(4)(B), where the bankruptcy court concluded that it was in the best interest of the debtor-in-possession to remain at liberty to manage his estate's affairs and to challenge a judgment imposing $22 million in liability on the estate. *Warner*, 141 B.R. at 763-64. Not only has Miell never cited *Warner*, but he also has not argued that § 327(e) would allow payment of his criminal defense attorneys (or tax attorneys) out of the estate, so that such an argument is now waived. *See United States v. Greene*, 513 F.3d 904, 906 (8th Cir. 2008) ("This Court routinely enforces the doctrine of waiver and declines to address arguments a party fails to raise in its opening brief."); *Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004) (petitioner waived his claim on appeal by not presenting meaningful argument on it in his opening brief); *United States v. Walrath*, 324 F.3d 966, 970 n.2 (8th Cir. 2003) (declining to address an argument that was not raised before the district court or in the briefs or at oral argument on appeal); *Latorre v. United States*, 193 F.3d 1035, 1037 n.1 (8th Cir.1999) (stating that "[t]his court, of course, does not normally address issues not raised in the district court nor does it normally address issues not raised by a litigant on appeal"). While this court takes no position on whether or not § 327(e) might permit the payment of criminal defense attorneys out of the bankruptcy estate, the court does note that the decision *Warner* is distinguishable. In *Warner*, the bankruptcy court held that "[i]t is in the best interest of the estate that a debtor in possession remain
(continued…)

The same principle of lack of benefit to the estate extends to legal representation in other non-bankruptcy proceedings. For example, a bankruptcy court recognized that the Bankruptcy Code does not allow payment out of the estate for attorney services to defend against claims by an ex-wife and to avoid incarceration for contempt in a case under Chapter 11, as the bankruptcy court found that there was no benefit to the bankruptcy estate. *In re Bowe*, 365 B.R. 585, 588 (Bankr. D. Md. 2007) (citing *Collier on Bankruptcy* § 330.04[b][v] (15th ed. Rev. 2006)). Similarly, another bankruptcy court recognized that "[l]egal services regarding criminal defense, tax liability, and dischargeability litigation may be rendered to the debtor prepetition and postpetition, [but] [b]ecause these are services for the benefit of the debtor, and are not necessary and beneficial to the estate, fees for such services will be scrutinized under § 329, [and] may be compensable if reasonable, but not out of estate funds." *In re Mondie Forge Co.*, 154 B.R. 232, 237 (Bankr. N.D. Ohio 1993).

Thus, to the extent that the bankruptcy court's order can be construed to reject employment and payment out of the estate of Miell's criminal defense and tax attorneys on the factual ground that such representation would not have the necessary benefit to the bankruptcy estate, the bankruptcy court's order is not clearly erroneous and will be affirmed. *Knudsen*, 389 B.R. at 651 (review of factual findings is for clear error).

Finally, Miell makes no specific argument in support of his contentions that the bankruptcy court erred as a matter of law and fact in ruling that Miell's attorneys who are

---

[2](…continued)
at liberty in order that he manage the estate's affairs. Further, in this particular case, the benefit to the estate of challenging a judgment imposing a $22,250,000 liability upon the estate is obvious." 141 B.R. at 764. Here, however, nothing like that total financial burden will be imposed upon the bankruptcy estate, even if Miell's criminal defense is unsuccessful, and Miell is neither the debtor in possession, after appointment of a trustee in his case, nor at liberty, but incarcerated pending sentencing on criminal charges.

not employed by the trustee under 11 U.S.C. § 327 are not entitled to compensation from the bankruptcy estate; that the trustee is entitled to an accounting and turnover of funds held in Miell's attorney's trust accounts; and that, to the extent that Miell's attorneys are representing him in the bankruptcy case or in connection with the case, they are subject to the disclosure and review requirements of 11 U.S.C. § 329. Thus, these contentions are waived. *See United States v. Greene*, 513 F.3d 904, 906 (8th Cir. 2008) ("This Court routinely enforces the doctrine of waiver and declines to address arguments a party fails to raise in its opening brief."); *Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004) (petitioner waived his claim on appeal by not presenting meaningful argument on it in his opening brief). Therefore, the remainder of the bankruptcy court's order will also be affirmed.

THEREFORE,

1. The bankruptcy court's July 27, 2009, Order Re: Motion To Approve Employment Of Various Attorneys is **affirmed**; and

2. Miell's August 18, 2009, Emergency Motion For Expedited Appeal And Argument Pursuant To Fed. R. Bankr. Pro. 8011(d) (docket no. 4), seeking an accelerated briefing schedule and expedited oral arguments to expedite disposition of this appeal, is **denied as moot.**

**IT IS SO ORDERED.**

**DATED** this 19th day of August, 2009.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA